UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DIANE BRZOZOWSKI, and
JENNIFER BRZOZOWSKI

                         Plaintiff,

v.                                                    Civil Action No. _____

ACCOUNTS RECEIVABLE MANAGEMENT, INC.,

                         Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Diane Brzozowski is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Jennifer Brzozowski is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. That Plaintiff Jennifer Brzozowski is the mother of Plaintiff Diane Brzozowski.

7. Defendant Accounts Receivable Management, Inc., (hereinafter "ARM") is a foreign business corporation organized and existing under the laws of the State of New Jersey and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant regularly attempts to collect debts alleged to be due another.

9. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff Diane Brzozowski incurred a debt to Columbia House. This debt will be referred to as "the subject debt."

12. That Plaintiff Jennifer Brzozowski never owed the subject debt.

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff Diane Brzozowski paid the subject debt and is no longer liable to Columbia House.

15. That upon information and belief, Defendant was employed by Columbia House to collect on the subject debt.

16. That in or about December, 2009, Defendant began calling Plaintiff Jennifer Brzozowski multiple times per week, often multiple times per day, in an attempt to collect on the subject debt. That Plaintiff did not answer the majority of the calls from Defendant, but when she did answer the call, Defendant would immediately hang up on Plaintiff Jennifer Brzozowski.

17. That in or about February, 2010, Plaintiff Jennifer Brzozowski received a call from Defendant. Defendant representative stated that they were calling from Account Receivable Management and that they were looking for Plaintiff Diane Brzozowski. Plaintiff Jennifer Brzozowski told Defendant that Plaintiff Diane Brzozowski did not live at her residence.

18. That in or about February, 2010, Plaintiff Jennifer Brzozowski informed Plaintiff Diane Brzozowski about the call from Defendant. Upon learning of Defendant's call, Plaintiff Diane Brzozowski contacted Defendant. Plaintiff Diane Brzozowski asked Defendant

about the subject debt, stating that she had not received anything in the mail and that she wanted the account number of the subject debt. Defendant refused to provide Plaintiff Diane Brzozowski with the account number and any other information about the subject debt. Plaintiff Diane Brzozowski explained to Defendant that she would only pay the subject debt if she had some proof in writing. Plaintiff Diane Brzozowski then informed Defendant that she did not want her mother, Plaintiff Jennifer Brzozowski, contacted again about the subject debt. Plaintiff Diane Brzozowski informed Defendant that the number they were contacting earlier was Plaintiff Jennifer Brzozowski's number, and that it was a cellular telephone. Plaintiff Diane Brzozowski then gave Defendant her current contact information.

19. That in or about February, 2010, Plaintiff Jennifer Brzozowski continued to receive calls from Defendant despite Plaintiff Diane Brzozowski requesting all calls cease to her mother and instead be directed to her. That in one of the above mentioned calls, Plaintiff Jennifer Brzozowski answered and spoke with Defendant. Plaintiff Jennifer Brzozowski informed Defendant that she did not want to receive any more calls, that the number they were contacting was a cellular telephone and that it did not belong to Plaintiff Diane Brzozowski.

20. That in or about February, 2010, Plaintiff Jennifer Brzozowski contacted the original creditor of the subject debt, Columbia House, by email, on behalf of her daughter. Columbia House informed Plaintiff Jennifer Brzozowski that they had no record of any account with them, and as such, no account was past due.

21. That in or about March, 2010, Plaintiff Diane Brzozowski contacted Defendant. Plaintiff Diane Brzozowski spoke with Defendant representative "Barbara." Plaintiff Diane Brzozowski explained that she wanted a letter sent by mail from Defendant with written proof the Plaintiff owed the subject and to establish that the Plaintiff was communicating with a legitimate company. Defendant representative "Barbara" refused to send Plaintiff anything, stating that it was against the law to send any written proof of the debt under the regulations of the FDCPA, and against their "human resources" policy. Defendant representative "Barbara" further stated that is what human resources at her place of employment had instructed her to say and that and if Plaintiff Diane Brzozowski called back and spoke with someone in human resources, that they would say the same thing. Defendant also stated at that time that if the debt was not paid within one to two weeks, it would be put on Plaintiff Diane Brzozowski's credit report.

22. That in or about March, 2009, Plaintiff Jennifer Brzozowski received another call from Defendant. Plaintiff Jennifer Brzozowski again informed Defendant that the number they were contacting was not Plaintiff Diane Brzozowski's number, and requested that they immediately stop contacting her.

23. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

3

## V. CAUSE OF ACTION

24. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692(5) by causing Plaintiff Jennifer Brzozowski's phone to ring repeatedly. The natural consequence of such conduct was to harass, oppress, and abuse.

   B. Defendant violated 15 U.S.C. §1692b(3) by contacting Plaintiff Jennifer Brzozowski more than once after requesting that Defendant cease and desist all communications to Plaintiff Jennifer Brzozowski.

   C. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by refusing to stating to Plaintiff Diane Brzozowski that it was against the law to send any written proof of the subject debt under the regulations of the FDCPA. Said statement by Defendant was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

   D. Defendant violated 15 U.S.C. §1692f by attempting to collect a debt that Plaintiff Diane Brzozowski had already paid off and was no longer liable for. Defendant's conduct of attempting to collect a debt that Plaintiff did not owe was an unfair and unconscionable means to attempt to collect the subject debt.

   E. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff Diane Brzozowski the required 30-day validation notice within 5 days of the initial communication with Plaintiff.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 12, 2010

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
kirving@kennethhiller.com